```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
WAYNE PARKER,                       :
                                    :
         Petitioner,                :   Civ. No. 18-16129 (NLH)
                                    :
    v.                              :   OPINION
                                    :
THE ATTORNEY GENERAL OF THE STATE   :
OF NEW JERSEY, et al.,              :
                                    :
         Respondents.               :
_____ :
```

APPEARANCE:
Wayne Parker, No. 535295
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
    Petitioner Pro Se

HILLMAN, District Judge

Plaintiff Wayne Parker, an inmate presently incarcerated at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, without prepayment of the filing fee or the submission of an application to proceed in forma pauperis. See ECF No. 1 (Petition).

   Filing Fee

The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a

prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Here, Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1] Plaintiff will

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc.

be granted leave to apply to re-open within 30 days so long as he complies with the requirement to either pay the filing fee or submit a complete application to proceed in forma pauperis. An appropriate Order follows.


Dated: November 21, 2018         s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.

---

Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).